## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**UNION PACIFIC RAILROAD COMPANY,**

**Plaintiff,**

**vs.**

**EXPERT MANAGEMENT SERVICE, DAN KLAUS, CHAD ARCHIBALD, AND CHARLES PASQUALE,**

**Defendants.**

**8:15CV194**

**MEMORANDUM
AND ORDER**

This matter is before the Court on the Findings and Recommendation issued by Magistrate Judge F.A. Gossett (Filing No. 23) and Plaintiff Union Pacific Railroad Company's ("Union Pacific") Motion to Amend its Complaint and for Remand (Filing No. 12). Defendants Expert Management Service ("EMS") and Chad Archibald (collectively "Defendants") object to the Findings and Recommendation (Filing No. 24), incorporating their previously filed brief in opposition to the Motion to Remand (Filing No. 20). For the reasons set forth below, the Findings and Recommendation will be adopted in their entirety, Plaintiff's Motion to Amend its Complaint and for Remand will be granted, and Defendants' Objection will be overruled.

### BACKGROUND

EMS is a former vendor of Union Pacific that provided various products and services. Union Pacific alleges that it cancelled its contract with EMS upon discovering that Defendants had engaged in improper billing activity.

Judge Gossett made the following findings of fact, which are uncontested by the parties. On August 14, 2013, Union Pacific filed this action against EMS, Dan Klaus,

Chad Archibald, Washington Liftruck, and Nancy Smith in the District Court of Douglas County, Nebraska. (Filing No. 23 at 1.) Union Pacific's complaint asserted state law claims for fraudulent concealment, fraudulent misrepresentation, civil conspiracy, and an accounting. (*Id.*) The state court held hearings and ruled on multiple pre-trial motions. (*Id.* at 3.) On March 24, 2014, Union Pacific filed a Second Amended Complaint, dismissing Defendants Washington Liftruck and Nancy Smith from the action. (*Id.* at 1.) Thereafter, the parties commenced discovery, and a trial date was set for November 30, 2015. (*Id.*)

On May, 28, 2015, Union Pacific filed its Third Amended Complaint. (*Id.*) This complaint added Charles Pasquale as a defendant, and asserted a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Based on the new RICO claim, Defendants invoked this Court's federal jurisdiction, and removed the suit to this Court on June, 1, 2015. (Filing No. 1.)

Union Pacific now seeks leave to dismiss its RICO claim by filing an amended complaint. (Filing No. 23 at 2.) Union Pacific argues that following dismissal of the RICO claim, this Court should remand this matter to state court for adjudication of the remaining state law claims. (Filing No. 12 at ¶¶ 7–8.) Defendants oppose the Motion to Remand, arguing that Union Pacific is engaging in "blatant forum shopping" by removing the federal claim from its complaint, and seeking remand to state court. (*See* Filing Nos. 20; 24.) Defendants urge this Court to exercise supplemental jurisdiction over the state claims.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which Defendants have objected. The Court may accept, reject, modify, in whole or in part, the Magistrate Judge's findings or recommendation.  28 U.S.C. § 636(b)(1).

**DISCUSSION**

**I.    Dismissal of Plaintiff's RICO Claim**

Union Pacific seeks to amend its complaint to dismiss its claim for violations under RICO.  Defendants do not object to the dismissal of the RICO claim through the filing of an amended complaint.   "[A] party may amend its pleading only with the opposing party's written consent or with the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend is freely granted, unless it would prejudice the non-moving party, or if the amendment would be futile.  *Friedman v. Farmer*, 788 F.3d 862, 869 (8th Cir. 2015) (quoting *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir.2003) (quotation omitted)).  In the present case, there is no indication that granting Union Pacific's leave to amend will result in undue prejudice to Defendants, or that the amendment would be futile.  Therefore, Union Pacific will be permitted to dismiss its federal claim through the filing of an amended complaint.

## II.    Remand of Case to State Court

Defendants oppose Union Pacific's motion to remand this case to state court.[1] Amending a complaint after removal to dismiss the claims upon which a court's federal question jurisdiction was initially based does not defeat federal jurisdiction.  *Ching v. Mitre Corp.,* 921 F.2d 11, 12 (1st Cir. 1990); *see also Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 598– 99 (8th Cir. 2002) (finding that a federal court retains jurisdiction over pendent state law claims even after federal claims are dismissed).

Nevertheless, a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367.  "Whether to exercise supplemental jurisdiction over a remaining state law claim is within the court's discretion; however, federal district courts generally should exercise judicial restraint and avoid state law issues when possible because such claims are more properly heard by state courts."  *Demien Constr. Co. v. O'Fallon Fire Prot. Dist.*, 72 F. Supp. 3d 967, 974 (E.D. Mo. 2014) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966); *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).  In determining whether to exercise supplemental jurisdiction, a court should consider judicial economy, convenience, fairness, comity, and whether the plaintiff has attempted to manipulate the forum.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  Still, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise

---

[1]    Union Pacific argues that Defendants' objection fails to specify the particular parts of the findings and recommendations to which the they object, and the legal basis of the objections as required by the Court's local rules.  *See* NECivR 72.2(a).  The Court concludes that Defendants' objection, in conjunction with their previously filed brief (*see* Filing No. 20), satisfy NECivR 72.2(a).

jurisdiction over the remaining state-law claims."  *Id.* at 350 n.7; *see also Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016–17 (8th Cir. 2015) (quoting *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006))."

In the present case, the balance of factors favors declining supplemental jurisdiction over Union Pacific's remaining state law claims.

Judicial economy favors remand.  This case was on file in state court for over a year and a half, during which time the parties conducted extensive discovery and the state court ruled on multiple motions.  In contrast, the case has only been pending in federal court approximately four months and has had little activity since its removal. Other than the present motion, there are no motions pending and the Court has not addressed other substantive issues.

Though convenience and fairness considerations do not heavily favor either forum, comity also favors remand.  Generally, it is preferable for a state court to interpret issues of state law, because the state has an interest in enforcing its own law. *Carnegie-Mellon Univ.*, 484 U.S. at 352; *Quinn v. BJC Health Sys.*, 364 F. Supp. 2d 1046, 1056 (E.D. Mo. 2005).  The remaining claims all involve state law.  Although Defendants note that this case involves no novel issues of state law (Filing No. 20 at 4), this does not warrant deviation from the general rule that state courts should decide matters arising under state law.  *See United Mine Workers*, 383 U.S. at 726 ("[I]f [considerations of judicial economy, convenience and fairness] are not present a federal court should hesitate to exercise jurisdiction over state claims.").

Defendants also contend that Union Pacific seeks to amend its complaint merely to return to its preferred forum.  "[The Eighth Circuit] ha[s] repeatedly stated that it is

inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (citing *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005)).   However, this Court agrees with Judge Gossett's finding that there is no indication that Union Pacific is seeking to manipulate the choice of forum.  (*See* Filing No. 23 at 3.)  Rather, Union Pacific notes that remand will almost certainly allow the case to proceed more expeditiously, both because dismissal of the RICO claim will eliminate the need for additional discovery and motions, and because the state court has already dealt with the case extensively.  (Filing No. 13 at 5.)  Weighing these factors, the Court concludes that remand to state court is appropriate.

## CONCLUSION

Under 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and adopts the Findings and Recommendation in their entirety.  Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation of Magistrate Judge F.A. Gossett (Filing No. 23) are adopted in their entirety;

2. The Plaintiff's Motion to Amend its Complaint and for Remand (Filing No. 12) is granted;

3. The Defendants' Objection to Magistrate Judge Gossett's Findings and Recommendation (Filing No. 24) is overruled;

4. The Plaintiff's Fifth Cause of Action is dismissed without prejudice; and

5. This action is remanded to the District Court of Douglas County, Nebraska, for further proceedings.

Dated this 26th day of October, 2015

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    Chief United States District Judge